IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HAMBY, | CASE NO. CV-F-04-6468 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED |
| vs. | |
| A.K. SCRIBNER, et al., | [Doc. 14] |
| Defendants. | |

I.   Procedural History

Plaintiff is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee for this action and is represented by counsel. This action is proceeding on plaintiff's original complaint, filed October 28, 2004 against defendants Yarborough, Moore and Scribner ("defendants") for violation of his due process rights in connection with his validation as a gang affiliate. On May 26, 2005, pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants filed a motion to dismiss for failure to state any claims upon which relief may be granted. Plaintiff filed an opposition to the motion on July 18, 2005. Defendants did not file a reply.

II.   Motions to Dismiss for Failure to State a Claim

In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve

all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

III.     Discussion

    A.     Indeterminate SHU Confinement

In his complaint, plaintiff alleges he is serving an indeterminate term in the Security Housing Unit ("SHU") at Corcoran. Plaintiff alleges that on October 18, 2002, he was validated as a prison gang member based on contents of a gang validation package prepared by California Correctional Institution (CCI) Institutional Gang Investigator (IGI) Fortson on September 6, 2002. Complaint, ¶ 1. The validation source items included a CDC Form 128-B dated September 6, 2002; a Memorandum dated September 6, 2002; a Confidential Memorandum dated January 25, 2001; and a Confidential Memorandum dated February 6, 2001. Complaint, ¶ ¶ 2, 4. The Form 128-B alleged that papers were found in plaintiff's possession containing the name of a validated Nazi Lowrider and a validated Aryan Brotherhood associate. Complaint, ¶ 41. The September 6, 2002 Memorandum alleged that an anonymous letter signed "Nazi/Love/Respect," a coded reference to the Nazi Lowrider gang (NLR), was found in plaintiff's possession. *Id*. Plaintiff claims both documents were obtained during a search in which plaintiff's property was commingled with that of other inmates. Complaint, ¶ 42.

Plaintiff alleges his due process rights were violated in that he was not given prior notice of the validation or the source items used in his gang validation and that he was not given an opportunity to be heard before the officials making the determination that he was a gang associate. Complaint, ¶¶ 2, 5 and 25-30.

Defendants argue first that plaintiff's claims do not give rise to a liberty interest and therefore he was not entitled to due process protection.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for

deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. See Hewitt, 459 U.S. at 466-68. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Although prisoners do not have a constitutional right to a particular classification in general, Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976), the labeling of plaintiff as a gang member may well be the type of atypical and significant hardship that creates a liberty interest. See Neal v. Shimoda, 131 F.3d 818, 827-32 (9th Cir. 1997). Moreover, plaintiff may have a protected liberty interest in remaining free from an indeterminate SHU term, see Wilkinson v. Austin, 125 S.Ct. 2384 (2005).

The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings

need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).

Here, plaintiff alleges various procedural due process violations in his complaint in conjunction with the decision validating him as a gang member and assessing an indeterminate SHU term. The court finds that plaintiff's allegations are sufficient to give rise to a due process claim against defendants and defendants have set forth no arguments that persuade the court that the allegations set forth in plaintiff's complaint are so woefully inadequate that plaintiff's claims fail to meet the very minimal notice pleading standard. Fed. R. Civ. Pro. 8(a).

B.   CDC's Gang Validation Regulations

Defendants next argue that even assuming placing plaintiff in segregated housing implicated a liberty interest, his claims should still fail because the regulations and policy followed are consistent with federal standards. In his opposition, plaintiff clarifies that he is not challenging the constitutionality of CDC's gang validation policy and regulations but contends that defendants did not follow CDC regulations and policy in imposing gang validation and SHU confinement and that his validation and confinement were consequently so deficient that defendants failed to comport with federal due process requirements.

Where there exists a liberty in remaining free from segregation, due process requires that prison officials "hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the prisoner of the charges against [him] or the reasons for considering segregation," and that the prisoner be allowed "to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986); Garcia v. Kirkland, No. C 05-0341 MMC (PR), 2005 WL 1656904, *2 (N.D.Cal. July 13, 2005); Koch v. Lewis, 216 F.Supp.2d at 1003; Morris v. Cambra, No. C 96-0334 SI, 1997 WL 811774, at *3 (N.D. Cal. Dec. 15, 1997); Hart v. Cambra, No C 96-0924 SI, 1997 WL 564059, at *4 (N.D. Cal. Aug. 22, 1997). Further, "[p]rison officials must engage in some sort of periodic review of the confinement of such inmates." Id. Finally, in addition to these procedural protections, "there must be 'some evidence in the record' to support the decision to segregate the inmate," and this evidence "must have 'some indicia of reliability.'" Koch v. Lewis, 216 F.Supp.2d 994, 1003 (D. Ariz. Aug. 30, 2001) (quoting Superintendent v. Hill, 472 U.S. 445, 454 (1985)).

Here, plaintiff alleges that he was denied many of procedural due process protections he is guaranteed under federal law. Plaintiff may or may not be able to prove he was denied the procedural protections due. However, at the pleading stage, plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983. Accordingly, the Court rejects defendants' argument.

### C. Claims Alleging Non-Compliance with State Regulations

Defendants argue that to the extent plaintiff alleges his gang validation was inconsistent with state regulatory provisions, the Eleventh Amendment precludes this Court from adjudicating these claims. Plaintiff concedes that this Court cannot grant prospective relief requiring state officials, acting in their official capacities to conform their conduct to state regulations. Plaintiff therefore agrees to strike paragraph B(5) of the Prayer in his Complaint requesting a preliminary and permanent injunction requiring defendants to "cease the practice of validating plaintiff as a prison gang affiliate and imposing an indeterminate Adjustment Center term without first providing plaintiff with the procedural due process required under 15 CCR §§ 3000, 3023, 3312(a)(3), 3310-3320 and 3335-3341.5."

### D. Supervisory Claims

Defendants next argue that the claims against defendants must be dismissed because plaintiff does not allege that they personally participated in the alleged constitutional deprivation but only that these defendants were legally responsible for the overall operations of the facilities.

While it is true that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged, see Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979), a plaintiff may show a prima facie case of supervisory liability by alleging that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, plaintiff alleges that defendant Scribner is responsible for the overall operation of

5

Corcoran State Prison, where he is currently confined and the placement of prisoners in the SHU at Corcoran. Complaint, ¶ 14. With respect to defendant Yarborough, plaintiff alleges he was validated as a prison gang member during his incarceration at CCI and that Yarborough was the Warden of that institution, responsible for the operation of CCI and placement of prisoners in the SHU. Complaint, ¶ 15. Plaintiff alleges that defendant Moore is the Director of CDC's Law Enforcement & Investigations Unit and he is legally responsible for investigating and determining the gang status of all prisoners under CDC jurisdiction. Complaint, ¶ 16. These allegations are sufficient to meet the very minimal notice pleading standard of Federal Rule of Civil Procedure 8(a). Plaintiff is not, at the pleading stage required to allege specific details relating to each defendants' involvement.

IV.     <u>Conclusion</u>

In conclusion, the court rejects defendants' arguments that plaintiff's claims do not implicate a liberty interest, and that plaintiff fails to allege facts sufficient to give rise to claims for relief under section 1983 against the named defendants. However, based on plaintiff's agreement, paragraph B(5) of the Prayer in his Complaint requesting a preliminary and permanent injunction requiring defendants to, "cease the practice of validating plaintiff as a prison gang affiliate and imposing an indeterminate Adjustment Center term without first providing plaintiff with the procedural due process required under 15 CCR §§ 3000, 3023, 3312(a)(3), 3310-3320 and 3335-3341.5," should be stricken. Accordingly, it is HEREBY RECOMMENDED that:

1.  Defendants' motion to dismiss for failure to state a claim upon which relief may be granted, filed May 26, 2005, be denied;

2.  Paragraph B(5) of the Prayer in the Complaint be stricken; and

2.  Should this Findings and Recommendations be adopted in full, defendants be ordered to file a response to plaintiff's complaint within thirty days from the date of the issuance of the district court's order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

1 | Recommendations." The parties are advised that failure to file objections within the specified time may
2 | waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 |          IT IS SO ORDERED.
4 |      **Dated:   January 31, 2006**                    **/s/ Dennis L. Beck**
    3b142a                                        UNITED STATES MAGISTRATE JUDGE