IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT HAMBY, | ) | CV-F-04-6468-OWW-DLB-P |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **RE DISMISSAL OF ACTION FOR** |
| SCRIBNER, et al., | ) | **FAILURE TO OBEY A COURT ORDER** |
| | ) | **AND FAILURE TO STATE A CLAIM** |
| Defendants. | ) | **UPON WHICH RELIEF CAN BE** |
| | ) | **GRANTED** |
| | | (Doc. 20) |

OBJECTIONS DUE MAY 30, 2007

Plaintiff, is an inmate proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

On March 27, 2007, the court issued an Order to Show Cause requiring plaintiff to show cause why this action should not be dismissed for failure to state any claims upon which relief can be granted, within twenty (20) days from the date of service of that order.  The twenty-day period has passed, and plaintiff has failed to comply with or otherwise respond to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a

1

party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

1  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
2  Ghazali, 46 F.3d at 53.
3  //
4       In the instant case, the court finds that the public's
5  interest in expeditiously resolving this litigation and the court's
6  interest in managing the docket weigh in favor of dismissal.  The
7  third factor, risk of prejudice to defendants, also weighs in favor
8  of dismissal, since a presumption of injury arises from the
9  occurrence of unreasonable delay in prosecuting an action.
10 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
11 factor -- public policy favoring disposition of cases on their
12 merits -- is greatly outweighed by the factors in favor of
13 dismissal discussed herein.  Finally, a court's warning to a party
14 that his failure to obey the court's order will result in dismissal
15 satisfies the "consideration of alternatives" requirement.  Ferdik
16 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
17 779 F.2d at 1424.  The court's order of March 27, 2007 expressly
18 stated: "If plaintiff does not respond to the instant order to show
19 cause, the court will issue Findings and Recommendations
20 recommending that this action be dismissed."  Thus, plaintiff had
21 adequate warning that dismissal would result from non-compliance
22 with the court's order.
23      Accordingly, the court HEREBY RECOMMENDS that this action be
24 dismissed based on plaintiff's failure to obey the court's order of
25 March 27, 2007 and failure to state a claim upon which relief can
26 be granted.
27      These Findings and Recommendations are submitted to the United
28 States District Judge assigned to the case, pursuant to the

3

provisions of Title 28 U.S.C. § 636(b)(1).  On or before May 20, 2007, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 3, 2007**                                **/s/ Dennis L. Beck**
                                                                              UNITED STATES MAGISTRATE JUDGE